NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0126n.06

Nos. 13-6232/6233

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED**<br>*Feb 11, 2015*<br>DEBORAH S. HUNT, Clerk |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| LARRY SHANE MORGAN, | ) | TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: SILER, ROGERS, and COOK, Circuit Judges.

PER CURIAM. Larry Shane Morgan, a federal prisoner, appeals through counsel his conviction and sentence following a jury trial on charges of a Hobbs Act robbery, armed bank robbery, two counts of using a firearm during a crime of violence, and two counts of being a felon in possession of ammunition. He also appeals the revocation of his supervised release.

Morgan was convicted in 2000 of possession of explosives while using narcotics, possession of stolen firearms, and maintaining a place to manufacture marijuana. He was sentenced to 151 months of imprisonment and two years of supervised release. After serving his sentence of incarceration, and while on supervised release, he was charged with the crimes at issue in this appeal.

The charges arose out of the robbery of a store by a man and a woman and a bank robbery by a lone gunman. The perpetrators of the store robbery were disguised and carried

guns. The man ordered the store clerk to get down on the floor and fired a shot in his direction. He placed the money from the cash register in a mesh bag. He also hit the clerk on the head with the gun, despite the clerk's cooperation. Less than a week later, a bank was robbed by a disguised man. He fired a shot in the direction of the tellers and told them to get down on the floor, and placed the money in a mesh bag. Morgan was later apprehended carrying some of the bait money from the bank. At trial, Morgan's co-defendant identified him as the man involved in the store robbery.

Morgan's supervised release was revoked based on his commission of the new crimes. Morgan was sentenced to the mandatory minimum thirty years for the two firearms charges, plus the bottom of the guidelines range, 87 months, on the remaining counts, for a total of 447 months of imprisonment. He also was sentenced to two additional years of imprisonment based on the revocation of his supervised release.

On appeal, Morgan argues that the evidence was insufficient to support his conviction of the Hobbs Act robbery and the related firearms charge. He also challenges the substantive reasonableness of his sentence. Finally, he argues that the revocation of his supervised release should be vacated if his conviction of the Hobbs Act robbery and related firearm charge are reversed.

When reviewing a claim of insufficient evidence, we view the evidence in the light most favorable to the government to determine whether any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *See United States v. Avery*, 128 F.3d 966, 971 (6th Cir. 1997). Here, Morgan challenges the credibility of his co-defendant and argues that she committed the store robbery with another man. A challenge to the credibility of a government witness is not a proper argument in an appeal challenging the sufficiency of the evidence.

*United States v. Burns*, 298 F.3d 523, 535 (6th Cir. 2002). The jury could clearly have found the co-defendant credible. Her testimony was corroborated by other evidence. She testified that she and Morgan wore latex gloves that he carried in his truck. Morgan's truck, which matched the description of the vehicle used in both robberies, had a box of latex gloves inside. The co-defendant's testimony was also bolstered by the similarities between the store robbery and the bank robbery. Morgan does not challenge the bank robbery conviction. In short, the claim of insufficient evidence is without merit.

We review the substantive reasonableness of a sentence under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 46 (2007). A sentence within the guidelines range may be presumed substantively reasonable. *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc). Morgan has not overcome the presumption that his bottom-of-the-range sentence is reasonable. He relies on *United States v. Payton*, 754 F.3d 375, 378-79 (6th Cir. 2014), for the proposition that the district court should have considered the advanced age he will have attained when he is released. *Payton* is inapposite to this case, as it involved no mandatory minimum sentence, and the judge varied upward to impose a sentence twice as high as the upper end of the guidelines range. Here, Morgan received a sentence at the bottom of the guidelines range and the statutory mandatory minimum.

Finally, as there is no basis to overturn any of Morgan's convictions, his argument that the revocation of his supervised release should be vacated and remanded is moot.

For all of the above reasons, the district court's judgment is affirmed.